**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

RONALD DERBY, Case No: 13-14261-CIV-MARTINEZ/LYNCH

Plaintiff,

vs.

ZAKHEIM & LAVRAR, P.A.,

Defendant. /

**DEFENDANT, ZAKHEIM & LAVRAR, P.A.'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST REVISED COMPLAINT**

Defendant, ZAKHEIM & ASSOCIATES, P.A. ("ZAKHEIM"), responds to the Plaintiff RONALD DERBY's ("Plaintiff") First Revised Complaint [DE 14], and states as follows:

**PRELIMINARY STATEMENT**

All allegations are denied unless specifically admitted, including any allegations of fault, causation, liability, negligence, breach, duty, damages and statutory liability.

Plaintiff's introductory statement does not allege facts, but rather makes argument and cites to legal authority that does not require a response. To the extent that a response is required, Defendant denies the allegations.

**SPECIFIC RESPONSES**

1. In response to the allegations of Paragraph 1, ZAKHEIM admits the Complaint purports to allege a claim pursuant to the Telephone Consumer Protection Act ("TCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), the Fair Credit Reporting Act, and the Fair Debt Collection Practices Act ("FDCPA"). Defendant denies it is liable to Plaintiff. All other allegations are denied.

2. In response to the allegations of Paragraph 2, ZAKHEIM admits Plaintiff contends that Defendant has somehow violated the various statutes alleged. However, Defendant denies it is liable to Plaintiff. All other allegations are denied.

3. In response to the allegations of Paragraph 3, ZAKHEIM admits Plaintiff contends that Defendant has somehow violated the various statutes alleged. However, Defendant denies it is liable to Plaintiff. All other allegations are denied.

**JURISDICTION AND VENUE**

4. In response to the allegations of Paragraph 4, ZAKHEIM admits Plaintiff purports to allege jurisdiction in this Court pursuant to 15 U.S.C. § 1681p, 47 U.S.C. § 227(b)(3), Fla. Stat. 47.051, and supplemental jurisdiction under 28 U.S.C. § 1367. Defendant denies it has violated the statutes alleged and denies Fla. Stat. 47.051 vests this court with jurisdiction.

5. In response to the allegations of Paragraph 5, ZAKHEIM admits Plaintiff purports to allege venue is proper in this Court's District. Defendant admits it conducts business in this District. Defendant is without knowledge of the remaining allegations and therefore denies the same.

6. In response to the allegations of Paragraph 6, ZAKHEIM admits Plaintiff purports to allege damages in excess of $15,000. However, Defendant denies it violated any statutes and denies it is liable to Plaintiff. All other allegations are denied.

**PARTIES**

7. In response to the allegations of Paragraph 7, ZAKHEIM admits Plaintiff is a natural person. Defendant is without sufficient knowledge of the remaining allegations contained in Paragraph 7, therefore, the allegations are denied.

8. In response to the allegations of Paragraph 8 of the Complaint, ZAKHEIM denies the allegations as phrased. Defendant is a Florida professional association, not corporation,

doing business in the State of Florida. The inclusion of its alleged EIN is improper and should be stricken, since such is personal information that should be redacted. Defendant neither confirms or denies the allegations of its EIN.

9. In response to the allegations of Paragraph 9 of the Complaint, ZAKHEIM admits that it is a law firm that represents clients in the pursuit of recovery of amounts owed to its clients. Defendant lacks sufficient information to determine whether the underlying amount at issue is a "debt" as defined by the FDCPA, and therefore cannot admit it is a "debt collector," as that term is defined by 15 U.S.C. §1692a(6). To the extent that the allegations call for a legal conclusion, they are denied. All other allegations are denied.

10. In response to the allegations of Paragraph 10 of the Complaint, ZAKHEIM admits that is a law firm represents clients in the pursuit of recovery of amounts owed to its clients. Defendant lacks sufficient information to determine whether the underlying amount at issue is a "consumer debt" as defined by the FCCPA, and therefore cannot admit it is a "debt collector," as that term is defined by the FCCPA. To the extent that the allegations call for a legal conclusion, they are denied. All other allegations are denied.

11. ZAKHEIM denies the allegations contained in Paragraph 11.

**FACTUAL ALLEGATIONS**

12. In response to the allegations of Paragraph 12, ZAKHEIM denies the allegations as phrased. This Defendant admits that a person with a similar name as Plaintiff owed money to a client of Defendant, and Defendant pursued claims against a person with a similar name as Plaintiff. Defendant does admit that it is not a creditor or person to whom Plaintiff is indebted.

13. ZAKHEIM denies the allegations contained in Paragraph 13.

14. ZAKHEIM denies the allegations contained in Paragraph 14.

15. ZAKHEIM admits the allegations contained in Paragraph 15.

16. ZAKHEIM is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore the allegations are denied.

17. ZAKHEIM is without sufficient information to either admit or deny the allegations contained in Paragraph 17 of the Complaint, and therefore the allegations are denied.

18. In response to the allegations in Paragraph 18, ZAKHEIM is without sufficient information to either admit or deny the allegations, and therefore the allegations are denied.

19. In response to the allegations in Paragraph 19, ZAKHEIM is without sufficient information to either admit or deny the allegations, and therefore the allegations are denied.

20. ZAKHEIM denies the allegations contained in Paragraph 20.

21. In response to the allegations in Paragraph 21, ZAKHEIM admits that on or about the date alleges, Defendant sent a letter to a person with a similar name as Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations, as the letter is not attached, and therefore the allegations are denied.

22. In response to the allegations in Paragraph 22, ZAKHEIM is without sufficient information to either admit or deny the remaining allegations, as the letter is not attached, and therefore the allegations are denied.

23. ZAKHEIM denies the allegations contained in Paragraph 23.

24. In response to the allegations in Paragraph 24, ZAKHEIM admits a complaint was filed in Saint Lucie County, but denies the date and case number is correct, and further is without sufficient information to either admit or deny the remaining allegations, as the referenced complaint is not attached, and therefore the allegations are denied.

25. ZAKHEIM denies the allegations contained in Paragraph 25.

26. ZAKHEIM denies the allegations contained in Paragraph 26.

27. ZAKHEIM denies the allegations contained in Paragraph 27.

28. ZAKHEIM denies the allegations contained in Paragraph 28.

29. ZAKHEIM denies the allegations contained in Paragraph 29.

30. ZAKHEIM denies the allegations contained in Paragraph 30.

31. ZAKHEIM denies the allegations contained in Paragraph 31.

32. ZAKHEIM denies the allegations contained in Paragraph 32.

33. In response to the allegations in Paragraph 33, ZAKHEIM admits a complaint was filed in Saint Lucie County, but denies the date is correct, and further is without sufficient information to either admit or deny the remaining allegations pertaining to the referenced complaint, as the referenced complaint is not attached, and therefore the allegations are denied. Defendant admits that it knows that proof is required to support claims asserted in a complaint. Defendant denies that its client lacked the sufficient proof required to obtain a judgment for the claims alleged in the referenced complaint.

34. ZAKHEIM denies the allegations contained in Paragraph 34.

35. ZAKHEIM denies the allegations contained in Paragraph 35.

36. ZAKHEIM denies the allegations contained in Paragraph 36.

37. ZAKHEIM denies the allegations contained in Paragraph 37.

38. ZAKHEIM denies the allegations contained in Paragraph 38.

39. ZAKHEIM denies the allegations contained in Paragraph 39.

40. ZAKHEIM denies the allegations contained in Paragraph 40.

41. ZAKHEIM denies the allegations contained in Paragraph 41.

42. In response to the allegations in Paragraph 42, ZAKHEIM admits that on or about the date alleged, Defendant sent a letter to a person with a similar name as Plaintiff. Defendant

is without sufficient information to either admit or deny the remaining allegations, as the referenced letter is not attached, and therefore the allegations are denied.

43. ZAKHEIM denies the allegations contained in Paragraph 43.

44. ZAKHEIM denies the allegations contained in Paragraph 44.

45. ZAKHEIM denies the allegations contained in Paragraph 45.

46. ZAKHEIM denies the allegations contained in Paragraph 46.

47. ZAKHEIM denies the allegations contained in Paragraph 47.

48. ZAKHEIM denies the allegations contained in Paragraph 48.

49. ZAKHEIM denies the allegations contained in Paragraph 49.

50. ZAKHEIM denies the allegations contained in Paragraph 50.

51. In response to the allegations in Paragraph 51, ZAKHEIM admits that on or about a few days of the date alleged, Defendant received a letter from a person with a similar name as Plaintiff, but the certified mail number is different than alleged. Defendant is without sufficient information to either admit or deny the remaining allegations, as the referenced letter is not attached, and therefore the remaining allegations are denied.

52. In response to the allegations in Paragraph 52, ZAKHEIM admits that on or about the date alleged, Defendant sent a letter to a person with a similar name as Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations, as the referenced letter is not attached, and therefore the remaining allegations are denied.

53. ZAKHEIM denies the allegations contained in Paragraph 53.

54. ZAKHEIM denies the allegations contained in Paragraph 54.

55. ZAKHEIM denies the allegations contained in Paragraph 55.

56. ZAKHEIM denies the allegations contained in Paragraph 56.

57. ZAKHEIM denies the allegations contained in Paragraph 57.

58. ZAKHEIM denies the allegations contained in Paragraph 58.

59. ZAKHEIM denies the allegations contained in Paragraph 59.

60. ZAKHEIM denies the allegations contained in Paragraph 60.

61. ZAKHEIM denies the allegations contained in Paragraph 61.

62. ZAKHEIM denies the allegations contained in Paragraph 62.

63. ZAKHEIM denies the allegations contained in Paragraph 63.

64. ZAKHEIM denies the allegations contained in Paragraph 64.

65. ZAKHEIM denies the allegations contained in Paragraph 65.

66. ZAKHEIM denies the allegations contained in Paragraph 66.

67. ZAKHEIM denies the allegations contained in Paragraph 67.

68. ZAKHEIM denies the allegations contained in Paragraph 68.

69. ZAKHEIM denies the allegations contained in Paragraph 69.

70. ZAKHEIM denies the allegations contained in Paragraph 70.

71. ZAKHEIM denies the allegations contained in Paragraph 71.

72. ZAKHEIM denies the allegations contained in Paragraph 72.

73. ZAKHEIM denies the allegations contained in Paragraph 73.

74. ZAKHEIM denies the allegations contained in Paragraph 74.

75. ZAKHEIM denies the allegations contained in Paragraph 75.

76. ZAKHEIM denies the allegations contained in Paragraph 76.

77. ZAKHEIM denies the allegations contained in Paragraph 77.

78. ZAKHEIM denies the allegations contained in Paragraph 78.

79. ZAKHEIM denies the allegations contained in Paragraph 79.

80. ZAKHEIM denies the allegations contained in Paragraph 80.

81. In response to the allegations in Paragraph 81, ZAKHEIM is without sufficient information to either admit or deny the remaining allegations, as the referenced document is not attached, and therefore the remaining allegations are denied.

82. In response to the allegations in Paragraph 82, ZAKHEIM is without sufficient information to either admit or deny the remaining allegations, as the referenced document is not attached, and therefore the remaining allegations are denied.

83. ZAKHEIM denies the allegations contained in Paragraph 83.

84. ZAKHEIM denies the allegations contained in Paragraph 84.

85. ZAKHEIM denies the allegations contained in Paragraph 85.

86. ZAKHEIM denies the allegations contained in Paragraph 86.

87. ZAKHEIM denies the allegations contained in Paragraph 87.

88. ZAKHEIM denies the allegations contained in Paragraph 88.

89. ZAKHEIM denies the allegations contained in Paragraph 89.

90. ZAKHEIM denies the allegations contained in Paragraph 90.

91. In response to the allegations in Paragraph 91, ZAKHEIM admits the referenced action was dismissed, but denies the date is correct.

**COUNT I – TCPA**

92. In response to the allegations of Paragraphs 92-98, ZAKHEIM is not obligated to answer, as this Count has been dismissed. To the extent a response is required, Defendant that is violated the TCPA, and denies liability to Plaintiff under said Act. All other allegations are denied.

**COUNT II – TCPA**

93. In response to the allegations contained in Paragraph 99 of the Complaint, Defendant re-alleges each and every answer given in response to the allegations contained in paragraphs 1 through 89.

94. ZAKHEIM denies the allegations contained in Paragraph 100.

95. The allegation contained in Paragraph 101 of the Complaint is an assertion of law of a referenced statute. Defendant denies the allegations to the extent that the recited statute is incorrect and incomplete. Defendant denies it violated the TCPA and denies it is liable to Plaintiff.

96. ZAKHEIM denies the allegations contained in Paragraph 102.

97. ZAKHEIM denies the allegations contained in Paragraph 103.

98. In response to the allegations of Paragraph 104 of the Complaint, ZAKHEIM admits it did not have an "established business relationship" if the allegations are meant to be construed to allege that Zakheim was not the creditor. However, Defendant denies that such a relationship did not exist between Plaintiff and the creditor, as such did exist and is imputed to Defendant. All remaining allegations contained in Paragraph 104 are denied.

**COUNT III – FCCPA**

99. In response to the allegations of Count III, repeated Paragraphs 1-5, ZAKHEIM is not obligated to answer, as this Count has been dismissed. To the extent a response is required, Defendant that is violated the FCCPA, and denies liability to Plaintiff under said Act. All other allegations are denied.

**COUNT IV – FCCPA**

100. In response to the allegations contained in repeated Paragraph 6 of the Complaint, Defendant re-alleges each and every answer given in response to the allegations contained in paragraphs 1 through 89.

101. In response to the allegations of repeated Paragraph 7 of the Complaint, ZAKHEIM is without sufficient information to admit the allegations, and therefore, the allegations are denied.

102. In response to the allegations of repeated Paragraph 8 of the Complaint, ZAKHEIM admits that it is a law firm that represents clients in the pursuit of recovery of amounts owed to its clients. Defendant lacks sufficient information to determine whether the underlying amount at issue is a "consumer debt" as defined by the FCCPA, and therefore cannot admit it is a "debt collector," as that term is defined by the FCCPA. To the extent that the allegations call for a legal conclusion, they are denied. All other allegations are denied.

103. ZAKHEIM denies the allegations contained in repeated Paragraph 9 of the Complaint.

104. The allegation contained in repeated Paragraph 10 of the Complaint is an assertion of law of a referenced statute. Defendant denies the allegations to the extent that the recited statute is incorrect and incomplete. Defendant denies it violated the FCCPA and denies it is liable to Plaintiff.

**COUNT V – FCCPA**

105. In response to the allegations contained in repeated Paragraph 11 of the Complaint, Defendant re-alleges each and every answer given in response to the allegations contained in paragraphs 1 through 89.

106. In response to the allegations of repeated Paragraph 12 of the Complaint, ZAKHEIM is without sufficient information to admit the allegations, and therefore, the allegations are denied.

107. In response to the allegations of repeated Paragraph 13 of the Complaint, ZAKHEIM admits that it is a law firm that represents clients in the pursuit of recovery of amounts owed to its clients. Defendant lacks sufficient information to determine whether the underlying amount at issue is a "consumer debt" as defined by the FCCPA, and therefore cannot admit it is a "debt collector," as that term is defined by the FCCPA. To the extent that the allegations call for a legal conclusion, they are denied. All other allegations are denied.

108. ZAKHEIM denies the allegations contained in repeated Paragraph 14 of the Complaint.

109. The allegation contained in repeated Paragraph 15 of the Complaint is an assertion of law of a referenced statute. Defendant denies the allegations to the extent that the recited statute is incorrect and incomplete. Defendant denies it violated the FCCPA and denies it is liable to Plaintiff.

**COUNT VI – FCRA**

110. In response to the allegations contained in repeated Paragraph 16 of the Complaint, Defendant re-alleges each and every answer given in response to the allegations contained in paragraphs 1 through 89.

111. In response to the allegations of repeated Paragraph 17 of the Complaint, ZAKHEIM is without sufficient information to admit the allegations, and therefore, the allegations are denied.

112. ZAKHEIM denies the allegations contained in repeated Paragraph 18 of the Complaint.

113. The allegation contained in repeated Paragraph 19 of the Complaint is an assertion of law of a referenced statute. Defendant denies the allegations to the extent that the recited statute is incorrect and incomplete. Defendant denies it violated the FCRA and denies it is liable to Plaintiff.

**COUNT VII – INJUNCTIVE RELIEF**

114. ZAKHEIM denies the allegations contained in repeated Paragraph 20.

115. ZAKHEIM denies the allegations contained in repeated Paragraph 21.

116. ZAKHEIM denies the allegations contained in repeated Paragraph 22.

117. In response to the allegations contained in repeated Paragraph 23 of the Complaint, Defendant denies that Florida Rule of Civil Procedure 1.610(c) applies. Defendant further denies that it is liable to Plaintiff or that Plaintiff has the right to seek an injunction as alleged. All other allegations are denied.

118. ZAKHEIM denies the allegations contained in repeated Paragraph 24.

**AFFIRMATIVE DEFENSES**

119. Defendant states that if it violated the FCCPA, FCRA, TCPA, or any other statute or law, including the FDCPA, which Defendant denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

120. Plaintiff's claims are barred or diminished as a result of Plaintiff's failure to mitigate damages, and ZAKHEIM asserts that Plaintiff failed to take reasonable steps to lessen or avoid the alleged damages by negotiating terms for payment or accepting an offer of reduction in the amount due, or by acting or failing to act in such a manner as to reduce Plaintiff's damages, as will be determined during the course of discovery.

121. Plaintiff has no claim for relief for punitive damages because ZAKHEIM's conduct did not violate the provisions of the statutes alleged, and because ZAKHEIM's conduct was not intentional or willful. Nor did it otherwise engage in conduct violative of the statutes alleged. Defendant affirmatively alleges that Plaintiff fails to properly state a claim for punitive damages, and to the extent punitive damages are awarded, such is unconstitutional and violates Defendant's due process rights. Further, Plaintiff's claim for punitive damages is premature as a matter of law.

122. Although it is Plaintiff's burden, to the extent the court determines otherwise, Defendant affirmatively alleges that Plaintiff has failed to allege with any specificity any actual damages that have or could have accrued from the actions alleged. Nevertheless, actual damages cannot be recovered against this Defendant as a matter of law, based on the true facts. Furthermore, to the extent Plaintiff's alleged actual damages are non-economic, those alleged actual damages are prohibited by the Florida impact rule.

123. Although it is Plaintiff's burden, to the extent the court determines otherwise, Defendant affirmatively alleges that Plaintiff's claims for punitive damages are premature without the Court having held a hearing and determined that Plaintiff demonstrated a reasonable basis for the recovery of punitive damages pursuant to Fla. Stat. § 768.72(1).

124. The statute of limitations has expired on any alleged violation brought pursuant to 15 U.S.C. § 1692, *et seq.*, to the extent the alleged violations occurred more than one year from the date suit was filed.

125. The statute of limitations has expired on any alleged violation brought pursuant to Fla. Stat. § 559.55, *et seq.*, to the extent the alleged violations occurred more than two years from the date suit was filed.

126. Plaintiff's claims are barred or diminished by virtue of litigation immunity/privilege.

127. Plaintiff's TCPA claims are barred or diminished due to Plaintiff's failure to mitigate damages.

128. Although it is Plaintiff's burden, to the extent the court determines otherwise, Defendant affirmatively alleges that Plaintiff's TCPA claim is barred to the extent that prior express consent was provided by Plaintiff. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd 8752 (1992).

129. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations to the extent that the alleged violations occurred outside of the applicable limitations period of the TCPA.

130. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations to the extent that the alleged violations occurred outside of the applicable limitations period of the FCRA.

131. Although it is Plaintiff's burden, to the extent the court determines otherwise, Defendant affirmatively alleges that Plaintiff's claims are barred or diminished to the extent that the Plaintiff or Plaintiff was not the intended called party, or to the extent that the Plaintiff otherwise lacks standing to sue for the claims alleged.

132. Although it is Plaintiff's burden, to the extent the court determines otherwise, Defendant affirmatively alleges that Plaintiff's TCPA claims are barred to the extent that the commercial purpose and/or established business relationship exceptions apply.

133. The damages alleged by Plaintiff may have been the result of superseding and/or intervening cause(s), and to the extent so, claims against this Defendant are barred or diminished.

134. Plaintiff's claims are barred or diminished by the doctrine of estoppel, as Plaintiff knew of the existence of the debt at issue and did not pay the debt.

135. Although it is Plaintiff's burden, to the extent it is determined to be Defendant's burden, Plaintiff's claims are barred or diminished by Plaintiff's prior disputes and the "consumer disputes" were frivolous. Furthermore, Plaintiff previously requested validation from Defendant, and Defendant attempted to provide validation of the account by furnishing the validation to Plaintiff at the address provided by Plaintiff. Defendant also had a permissible purpose to access consumer reporting information, if it is established that such access occurred.

136. Although it is Plaintiff's burden, to the extent it is construed as a Defendant's burden, Plaintiff's claims are barred or diminished because this Defendant acted in good faith and without any malice, ill will, purpose or fault, or other similar malicious intent, relating to the allegations at issue.

137. Although it is Plaintiff's burden, to the extent it is determined to be Defendant's burden, Plaintiff's claims under the FCRA cannot be sustained as a matter of law since this Defendant neither falls within the statutory definition of a "consumer reporting agency" nor does any information from this Defendant provided to the credit reporting agency constitute a "consumer report." Therefore, this Defendant is not subject to the restrictions and/or penalties imposed by the FCRA.

138. Although it is Plaintiff's burden, to the extent it is determined to be Defendant's burden, Plaintiff lacks standing to assert the claims since Plaintiff has not incurred any actual damages or actual injury. Accordingly, this Court lacks subject matter jurisdiction.

139. Although it is Plaintiff's burden, to the extent it is construed as a Defendant's burden, Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered actual damages due to any alleged violations of the alleged statutes by Defendant.

140. Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

**ATTORNEY'S FEES AND COSTS**

141. Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay such firm attorney's fees related to the same.

142. Defendant is entitled to the award of attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n, 1681o, and 1692k, 28 U.S.C. §§ 1920, 1927, Fla. Stat. §§ 559.77 and 57.105.

WHEREFORE, Defendant, ZAKHEIM & LAVRAR, P.A., respectfully request this Court enter judgment in its favor and against Plaintiff, to award costs and attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o, 1692k, 28 U.S.C. §§ 1920, 1927, and Fla. Stat. §§ 559.77 and 57.105, in favor of Defendant, ZAKHEIM & LAVRAR, P.A., to dismiss Plaintiff's allegations and demands for punitive damages due to their pre-maturity, and to award any other relief in favor of Defendant this Court deems just and appropriate.

Respectfully submitted,

*s/David P. Hartnett*

David P. Hartnett
Florida Bar No. 946631
dhartnett@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Boulevard
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant ZAKHEIM & LAVRAR, P.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing and a copy has been sent via U.S. Mail to the following:

Ronald Derby (pro se)
4505 Redwood Drive
Ft. Pierce, FL 34951
Tel: 772-464-0031
derbymar@aol.com

*s/David P. Hartnett*
David P. Hartnett