UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

RONALD DERBY
   Plaintiff

-v-

ZAKHEIM & LAVRAR, PA
   Defendant

                                   /

Case: 13-cv-14261-MARTINEZ-LYNCH

FILED by _____ D.C.

JUL - 9 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT
ZAKHEIM & LAVRAR, PA**

The record reflects that service of the complaint has been made upon Defendant ZAKHEIM & LAVRAR, PA, on or about July 7, 2013 at 11:35 AM.

It appears from the record that service of the complaint has been made, and that the Defendant has failed to answer. Defendant attempted to dismiss Plaintiff's Complaint; however, Count II, IV, V, VI, and VII have survived Defendant's motion to dismiss. Defendant has had sufficient time, in excess of Seventy-Five (75) days, to Answer Plaintiff's surviving Counts. The Court's Order has remained without objection in excess of 75 days.

On or about April 28, 2014, Plaintiff propounded Plaintiff's First Request for Production and Interrogatories upon Defendant. (Exhibit "A") Pursuant to Rule 33(b)(2), Defendant was given 30 days to respond. In excess of 30 days have tolled with no response from Defendant.

WHEREFORE, Plaintiff requests the court to issue a Clerks default upon the Defendant for failure to Answer. In the Alternative, Plaintiff request the Court to compel the Defendant to Answer the surviving Counts (II, IV, V, VI, VII) and additionally compel the Defendant to respond to each request for Production and Interrogatory. (Exhibit "A")

Respectfully Submitted,

/s/ Ronald Derby
RONALD DERBY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list this ___7TH___ of July, 2014.

Respectfully,

X_____
RONALD DERBY
4505 Redwood Drive
Fort Pierce, Florida 34951
(772) 464-0031
derbymar@aol.com
SERVICE LIST


HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, FL 33134
David P. Harnett (FBN 946631)
dharnett@hinshawlaw.com
Barbara Fernandez (FBN 493767)
bfernandez@hinshawlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

RONALD DERBY
   Plaintiff

-v-

ZAKHEIM & LAVRAR, PA
   Defendant
_____/

Case: 13-cv-14261-MARTINEZ-LYNCH

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT ZAKHEIM & LAVRAR, PA

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, I'm a Winner, hereby serves the following Request for Production to Defendant, **ZAKHEIM & LAVRAR, PA**. You are required to produce those documents in your possession, custody, or control, which are responsive to this Request for Production by forwarding same within thirty (30) days of the date of service RONALD DERBY, 4505 Redwood Drive, Fort Pierce, Florida 34951.

You are further placed on notice that these requests are deemed continuing, requiring supplemental responses thereto in the event requested information changes or otherwise becomes known, if not currently known after proper inquiry, or otherwise becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful, become known to you.

### INSTRUCTIONS

In answering these requests, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following requests in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular request.

Although one or more of the following requests may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have

Exhibit "A"

obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And, in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these requests
contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

Unless otherwise stated, each request pertains to the time period beginning July 1, 2009, through the present date. Thus, your responses should be fully answered as they pertain to information, recordings or information within that time frame. Further, each request should identify the appropriate time frame, if your response requires same.

## DEFINITIONS

1. "You" includes **ZAKHEIM & LAVRAR, PA**, the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities and their connected companies, whether or not separately incorporated.

2. "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original or reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:
    a) the nature of the document (e.g., letter, memorandum, contract, etc.);

    b) the author or sender of the document;
    c) the recipient of the document;
    d) the date the document was authored, sent, and/or received; and
    e) the reason such document is allegedly privileged

3. "Audit Trail" means complete, detailed listings of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you." The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

4. "Data" means the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written, or otherwise recorded.

5. "Data field" means any single or group of character(s), number(s), symbol(s), or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data field" includes all types of data whether maintained in integer, real, character, or Boolean format.

6. "Database" or "databank" means any grouping or collection of data field(s) maintained, in any format or order, in any permanent or temporary recorded form.

7. "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process, or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recording or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recording, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

8. "Identify" means that you should state:
    a) any and all names, legal, trade or assumed;
    b) all addresses used;
    c) all telephone and telefax numbers used; and, if applicable:
    d) brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and
    e) employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

9. "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

10. "Describe" means to represent or give an account of in words.

11. "Plaintiff' refers to RONALD DERBY.

12. "Other Defendant[s]" mean any Defendants(s) in the above entitled and captioned action except you, jointly or separately.

13. "Program" means the following: (1) a plan for solving a problem; (2) to devise a plan for solving a problem; (3) a computer routine (i.e., a set of instructions arranged in proper sequence to cause a computer to perform a particular process); (4) to write a computer routine.

14. "Header record" means a machine readable record at the beginning of a file containing data identifying the file and data used in file control.

15. "Investigative reports" means actions taken by the Defendant to investigate the allegations contained within the Plaintiffs complaint.

16. "Identifiers" means, any document, account number, social security number, name, nick name, credit report that makes any reference to the Plaintiffs, name, address or address's, social security number, date of birth, fist name, last name, or place of employment.

17. "Account" means, the amount of money the Plaintiff allegedly owes the Defendant.

18. "Reporting", means any information shared by the Defendant to any third parties including debt collectors, investors, or credit reporting agencies.

19. "Programmer" means, the person or company that programs and maintains the phone system used by Defendant.

20. "Phone System" means, the form of communication used the by the Defendant when making phone calls.

22. "Autodialer" means, an electronic device that can automatically dial telephone numbers to communicate between any two points in the telephone, mobile phone and pager networks.

**REQUEST NO.1:** Investigative reports prepared or obtained which in any way reference Plaintiff, the events alleged in the Complaint, Plaintiff's Social Security number, Plaintiff's identity or any allegations for defenses asserted in this action.
**RESPONSE:**

**REQUEST NO.2:** All written or recorded statements prepared or obtained which in any way reference Plaintiff, the Plaintiff's Social Security number, the Plaintiff's true identity for any allegations or defenses asserted in this action.
**RESPONSE:**

**REQUEST NO.3:** Every document referencing communications between you and any of the other Defendants in this action which in any way references Plaintiff, the Plaintiff's Social Security numbers or other identifiers, or any allegation or defense asserted in this action.
**RESPONSE:**

**REQUEST NO.4:** All documents sent to Plaintiff by you between July 1,2009 thru present.
**RESPONSE:**

**REQUEST NO.5:** All documents sent to you by Plaintiff between July 1, 2009 thru present.

**REQUEST NO.6:** All documents relating or referring to communications between you and Plaintiff between July 1, 2009 thru present.

**RESPONSE:**


**REQUEST NO. 7:** All documents evidencing telephone messages, log books, or your other regularly maintained records which contain information about communications between , ZAKHEIM & LAVRAR, PA and Plaintiff from July 1, 2009 to preset in regards to telephone numbers (800) 531-5490, (954) 735-4455, (954) 475-9228.
**RESPONSE:**


**REQUEST NO. 8:** Phone records between, ZAKHEIM & LAVRAR, PA and Plaintiff from July 1, 2009 to Present with regards to telephone numbers (800) 531-5490, (954) 735-4455, (954) 475-9228.
**RESPONSE:**

**REQUEST NO. 9:** All policy manuals, procedure manuals, or other documents which address your policies, practices, or procedures in the investigation or reinvestigation of violations of the TCP A, FDCPA, and the FCRA.
**RESPONSE:**

**REQUEST NO. 10:** All policy manuals, procedure manuals, or other documents, which address your policies, practices, or procedures when collecting past due accounts.
**RESPONSE:**


**REQUEST NO. 11:** All material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Telephone Communications Protection Act, Fair Debt Collection Practices Act, The National Do Not Call List, and/or the Fair Credit Reporting Act.
**RESPONSE:**


**REQUEST NO. 12:** All archived recordings of all phone calls made to Plaintiffs phone numbers: (772) 464-0031; (772) 332-0741; (978) 302-7603
**RESPONSE:**


**REQUEST NO. 13:** All internal documents, memoranda, etc., of the Defendant regarding the use of its collection notices and collection efforts.
**RESPONSE:**

**REQUEST NO. 14:** The name of the manufacturer of the phone system for phone numbers (800) 531-5490, (954) 735-4455, (954) 475-9228 used by the Defendant.
**RESPONSE:**

**REQUEST NO. 15:** The name of the programmer of the phone system associated with phone numbers (800) 531-5490, (954) 735-4455, (954) 475-9228 used by the Defendant.
**RESPONSE:**

**REQUEST NO. 16:** The name of the manufacturer of the autodialer system for phone numbers (800) 531-5490, (954) 735-4455, (954) 475-9228 used by the Defendant.
**RESPONSE:**

**REQUEST NO. 17:** The name of the programmer of the autodialer system for phone numbers (800) 531-5490, (954) 735-4455, (954) 475-9228 used by the Defendant.
**RESPONSE:**

**REQUEST NO. 18:** All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Telephone Communications Protection Act.

**RESPONSE:**

**REQUEST NO. 19:** All documents that include the Plaintiffs phone number with the Defendant name, **ZAKHEIM & LAVRAR, PA** on the same page.

**RESPONSE:**

**Respectfully Submitted,**

*/s/ Ronald Derby*
RONALD DERBY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list this __28TH__ of April, 2014.

Respectfully,

*/s/ Ronald Derby*
RONALD DERBY
4505 Redwood Drive
Fort Pierce, Florida 34951
(772) 464-0031
derbymar@aol.com

## SERVICE LIST

HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, FL 33134
David P. Harnett (FBN 946631)
dharnett@hinshawlaw.com
Barbara Fernandez (FBN 493767)
bfernandez@hinshawlaw.com