UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RONALD DERBY,                              Case No: 13-14261-CIV ROSENBERG/LYNCH

      Plaintiff,

vs.

ZAKHEIM & LAVRAR, P.A.,

      Defendant.          /

**DEFENDANTS RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Defendant, ZAKHEIM & LAVRAR, P.A., by and through undersigned counsel, hereby responds in opposition to Plaintiff's Motion to Adjust Calendar or in the Alternative Plaintiff's Motion to Dismiss Without Prejudice [DE 47], which this Court construes as a Motion for Voluntary Dismissal [DE 49], and as grounds states as follows:

Plaintiff's motion should be denied because Plaintiff's reasons for needing a dismissal without prejudice are insufficient as applied to this action and its current procedural posture.

This action arises from underlying lawsuits caused to be filed by Zakheim & Lavrar against Ronald Derby for past due accounts with Capital One Bank. The state court collection actions arise out of two separate credit card accounts owed. As a retaliatory action, Plaintiff sued Defendant in this action for violations of the Telephone Consumer Protection act ("TCPA"), Florida's Consumer Collection Practices Act ("FCCPA"), and the Fair Credit Reporting Act ("FCRA").

Defendant moved to dismiss and thereafter Plaintiff filed his First Revised Complaint wherein he now alleges seven counts under the TCPA, FCCPA and FCRA. [DE 14]. Thereafter, Defendant moved to dismiss Plaintiff's First Revised Complaint. [DE 16]. The

magistrate judge recommended dismissal with prejudice of the TCPA claim arising out of calls to a residential phone number in Count I. [DE 19]. The magistrate judge further recommended dismissal without prejudice of the state law FCCPA claim in Count III, and denial of the motion on litigation privilege grounds as to Counts III, IV, and V. [DE 19]. This Court adopted the magistrate judge's report and recommendation granting in part Defendant's Motion to Dismiss. [DE 22]. Defendant moved for final summary judgment in Defendant's favor on Counts II, IV and V, VI and VII of the Revised Complaint. [DE 43].

Plaintiff failed to appear for his scheduled deposition, which he claimed was "due to a medical condition." Defendant offered to reschedule the deposition, however, Plaintiff did not provide any alternative dates for his deposition. Accordingly, Defendant obtained a Certificate of Non-Appearance on February 6, 2015. Plaintiff also failed to timely respond to Defendant's Interrogatories and Request for Production, which were served on December 19, 2014. This Court granted an extension for Plaintiff. Plaintiff claims he emailed his responses and documents to defense counsel on February 6, 2015, two days after the court's deadline. The email was not received by David Hartnett since Plaintiff used an incorrect email for him. In his email, Plaintiff did not specify that he was producing his responses via a link at the bottom of the email, and the link was overlooked by Attorney Fernandez. When Attorney Fernandez conferred with Plaintiff about moving to compel, Plaintiff did not indicate that he had previously responded to the discovery. In fact, Plaintiff did not advise defense counsel until March 24, 2015 that he had previously supplied his responses via a now expired "dropbox" type link. Plaintiff is required to serve discovery responses via regular mail or facsimile, and service via email is only proper if consented to by opposing counsel. Defense counsel did not consent to service via email.

Case No.: 13-14261-CIV-ROSENBERG/LYNCH

On the other hand, Defendant timely responded to discovery. Defendant timely set Plaintiff's deposition within this court's discovery deadline, although Plaintiff never appeared. The relevant account statements and collection correspondence in this action have been timely produced. No motion to compel has been filed, and the time to do so has long passed. Plaintiff has not sought to depose any party or other witness.

As previously stated, Defendant moved to dismiss, which this Court granted in part. Plaintiff then amended the complaint. Given that this Court granted dismissal in part and Plaintiff amended his complaint, this Court should dismiss Plaintiff's claims with prejudice, particularly given that Defendant has also moved for summary judgment, which remains pending.

Defendant is mindful of the standard announced by the Eleventh Circuit regarding motions for dismissal under Rule 41(a)(2). This Court is afforded broad discretion to determine whether Plaintiff's motion should be granted under Rule 41(a)(2). In most instances, a dismissal without prejudice should be granted "unless the defendant will suffer clear legal prejudice, *other [than] the mere prospect of a subsequent lawsuit,* as a result." *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255 (11th Cir.2001) (quoting *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856–57 (11th Cir.1986)). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* (internal quotation omitted). This Court should keep in mind the interests of the Defendants, since "Rule 41(a)(2) exists chiefly for protection of the defendants." *Fisher v. Puerto Rico Marine Mgmt., Inc.,* 940 F.2d 1502, 1503 (11th Cir.1991). Defendant understands that "the

3

prospect of a second lawsuit on the same set of facts" is not sufficient legal prejudice on its own for the defendant to justify denying a plaintiff's motion to dismiss without prejudice. *See McCants,* 781 F.2d at 859. Nevertheless, even if this Court grants Plaintiff's motion to dismiss without prejudice under Rule 41(a)(2), the Court has broad discretion to determine what terms and conditions, if any, should be imposed as a condition for dismissal. *McCants,* 781 F.2d at 857.

Plaintiff should not be allowed to dismiss an action without prejudice under Rule 41(a)(2) "after the defendant has been put to considerable expense in preparing for trial except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants,* 781 F.2d at 860. This Court may require a plaintiff to pay "all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." *Id.; Versa Prods., Inc. v. Home Depot, USA, Inc.,* 387 F.3d 1325, 1328 (11th Cir.2004); *Ortega Trujillo v. Banco Central Del Ecuador,* 379 F.3d 1298, 1300 (11th Cir.2004); *McGregor v. Bd. of Comm'rs of Palm Beach Cnty.,* 956 F.2d 1017, 1021 (11th Cir.1992).

Here, because the revised complaint was dismissed in part, Plaintiff's notice of voluntary dismissal should operate as an adjudication on the merits. *See* Federal Rule of Civil Procedure 41(1)(a)(if plaintiff previously dismissed any federal or state court claim based on or including the same claim, a notice of dismissal operates as an adjudication on the merits). Defendant has expended thousands of dollars in defense of Plaintiff's claims, which Plaintiff has brought in bad faith and for purposes of harassment. Defendant is prepared to move for an appropriate award of attorney's fees should the court order such, but at this point, Defendant is hesitant to disclose their work product and confidential attorney's fees because this litigation is ongoing.

Moreover, as argued in Defendant's Motion for Final Summary Judgment, Defendant should prevail on the merits on all counts. There has been no violation of the TCPA by

4

Defendant, nor has Plaintiff identified any set of facts that could give rise to such. There is no record evidence supporting that Defendant called his cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice, which is required to trigger liability under the TCPA. Instead, the only record evidence in this case shows the contrary. Defendant's files for both of Plaintiff's accounts show only three telephone calls attempted by Zakheim & LaVrar to the telephone number ending in 772-xxx-0031, which were made manually. *See* Declaration of Flynn LaVrar [DE 43-1].. Further, Defendant has no record of leaving a prerecorded or artificial voice message to Plaintiff on either account. *Id.* More importantly, Zakheim & LaVrar's files show that <u>no calls</u> were attempted to telephone number 772-xxx-0741, which is the number Plaintiff alleges is his cellular telephone number. *Id.* Lastly, even if automated calls were made to his cell phone, Plaintiff cannot dispute that he agreed to the use of his telephone numbers in connection with his Capital One credit cards pursuant to the terms and conditions. *See* Defendant's Motion [DE 43]. Not only is Plaintiff's consent to be called at his number contractual, but at no time, was his consent revoked verbally or in writing.

Furthermore, Plaintiff's claims under the FCCPA and FCRA would be barred. There is no private right of action for "furnisher liability" under the FCRA, and Plaintiff's FCCPA claims are preempted. The liability of furnishers of information to credit bureaus has been expressly delineated under the FCRA at 15 U.S.C. § 1681s-2. Section 1681t(b) of the FCRA preempts Plaintiff's claim here. Furthermore, various courts within the Eleventh Circuit have consistently held that a claim brought under the FCCPA is preempted by the FCRA "to the extent that the FCCPA claim is premised on credit reporting activity." *See e.g. Lopez v Chase Bank USA, N.A.*, 2014 WL 523475 at *3 (M.D. Fla. 2014); *Lett v Midland Funding LLC*, 2013 WL 6162674 (M.D. Ala. 2013); *Horton v HSBC Bank*, 2013 WL 2452273 at *13, *15 (N.D. Ga. 2013);

5

*Osborne v. Vericrest Fin., Inc.,* 2011 WL 1878227 at *3 (M.D. Fla. 2011); *see also, Bauer v. Target Corp.*, 8:12-CV-978-T-AEP, 2012 WL 4054296 (M.D. Fla. 2012); *Menashi v. Am. Home Mortg. Servicing, Inc.*, 2011 WL 4599816, at *2 (M.D. Fla. Oct.4, 2011); *Allmond v. Bank of America*, 2008 WL 205320, at *7 (M.D. Fla. January 23, 2008) (citing *Knudson v. Wachovia Bank,* 513 F.Supp.2d 1255, 1259 (M.D.Ala.2007)). The FCRA "pre-empts 'all state causes of action against furnishers of credit information' that regulate credit reporting – including a cause of action under state law that is not directed expressly to the regulation of credit regulation of credit information." *Menashi,* 2011 WL 4599816, at *2.

Moreover, there is no evidence that Defendant knew that the debts at issue were not legitimate, or even that they were disputed at any time relevant to Plaintiff's claims. Therefore, Plaintiff's claims for alleged violations of Fla. Stat. § 559.72(9) fail because Plaintiff cannot ever establish that Defendant knew the debts were not legitimate or were disputed at any time. There is also no record evidence to support violations of Fla. Stat. § 559.72(7). Defendant has no record that Plaintiff called and asked it to stop calling his telephone number. Plaintiff has no record of when such a request may have been made. Zakheim & LaVrar's files show there was never any verbal communication with Ronald Derby. *See* Declaration of Flynn LaVrar. The record evidence shows that Defendant did not intend to harass Plaintiff, but was simply attempting to contact Ronald Derby to resolve his debts with Capital One Bank.

Additionally, Florida's litigation privilege and immunity would also bar Plaintiff's state law claims.

There is also no evidence that would support Plaintiff's FCRA claim. There is no record evidence that Defendant obtained Plaintiff's credit report, much less in violation of section 1681b. Rather, the only evidence is that any interaction with a consumer reporting agency would

have been related to a review of the account for collection, and therefore would be a permissible purpose. Even assuming that Defendant obtained Plaintiff's "credit report" (which Defendant disputes), such is a permissible purpose in connection with a "review or collection of an account". *See* 15 U.S.C. § 1681b(a)(3)(A). Accordingly, Plaintiff's FCRA claim fails.

The FCRA claim also fails because there is no "furnisher liability" that is actionable under the FCRA. Nothing supports a claim for furnisher liability under 15 U.S.C. § 1681s–2, and there is no private right of action for the claims alleged. There is no evidence of a consumer dispute made to a consumer reporting agency that then was sent to Defendant for investigation. There is no evidence of any failure to investigate any alleged dispute. There is no evidence of causation of any kind.

Under 15 U.S.C. § 1681s–2(a), persons may not knowingly furnish inaccurate information to a consumer reporting agency, must correct any such furnished information, and must notify a consumer reporting agency when any information is disputed by a consumer. § 1681s–2(a)(1)–(3). Furnishers of consumer credit information must also verify the sufficiency and accuracy of the information **when notified by a consumer reporting agency of a credit-report dispute** (emphasis added). *Id.* § 1681s–2(b); *see also id.* § 1681i(a)(2). Congress, however, expressly reserved enforcement of subsection (a) to governmental agencies and officials, thereby limiting a consumer's private cause of action against a furnisher of credit information to violations of § 1681s–2(b). *Id.* § 1681s–2(c)–(d). There are no allegations of any dispute to the consumer reporting agency, much less notification to Defendant. There is also no record evidence to support Plaintiff's claims. Accordingly, Plaintiff's FCRA claims fail. *See, e.g.*, *Lett v Midland Funding LLC*, 2013 WL 6162674 (M.D. Ala. 2013).

In *Lett*, Judge Thompson recently set forth a cogent analysis of the limited private right of action that can be asserted against furnishers of information under the FCRA. The Court stated:

> The Act generally allows consumers to bring private lawsuits to enforce its terms. §§1681n & 1681o. However, there is an exception for information providers. A consumer cannot bring a private lawsuit to enforce the information provider's general duties, such as to report information accurately and to correct errors that come to its attention. §1681s–2(c). Those violations can be enforced only by federal or state regulators. § 1681s.
>
> But the statute does allow a consumer to sue an information provider in one circumstance: If a consumer has pointed out a mistake to the consumer reporting agency and if the information provider fails to investigate or correct the information, the consumer then has a right to sue. *See* § 1681s–2(b); *Yelder v. Credit Bureau of Montgomery,* 131 F.Supp.2d 1275, 1288–89 (M.D.Ala.2001)(Albritton, C.J.).
>
> In other words, the Act gives information providers, like Midland, a first chance to correct any mistakes before the consumer is allowed to file a lawsuit. First, the consumer must contact the consumer reporting agency to dispute the information. At that point, both the consumer reporting agency and the information provider must investigate the dispute and must correct any mistakes. If the consumer reporting agency and the information provider do not investigate and correct any mistakes at that point, then the consumer is allowed to sue them for any damages which occur because of their failure to investigate and correct. (Contacting the information provider directly is not enough for a consumer to be permitted to sue. The Act allows a consumer to sue only after he has gone through the specific process described in § 1681i, namely, first contacting the consumer reporting agency to dispute the information. *Green v. RBS Nat. Bank*, 288 Fed. Appx. 641, 642 (11th Cir.2008).)

Here, there is no evidence that there was a dispute made to a consumer reporting agency. There is no evidence that a consumer reporting agency notified Defendant of a dispute. There is no evidence Defendants thereafter failed to investigate in §1681i. Accordingly, Plaintiff's FCRA claim fails. *Lett*; *Pieta v USAA Group*, 2013 WL 3810891 (N.D. Fla. 2013)(citing *Peart v. Shippie,*345 F. App'x 384, 386 (11th Cir.2009)(unpublished); *Green v. RBS Nat'l Bank,* 288 F.

App'x 641, 642 (11th Cir.2008) (unpublished); *Carruthers v. Am. Honda Fin. Corp.,* 717 F.Supp.2d 1251, 1253 (N.D. Fla.2010); *Sanders v. Mountain Am. Fed. Credit Union,* 689 F.3d 1138, 1147 (10th Cir.2012) (unpublished); *Chiang v. Verizon New England, Inc.,* 595 F.3d 26, 36 (1st Cir.2010); *Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1059–60 (9th Cir.2002); *Pelcher v. City of Miami,* 2013 WL 2107178, at *2 (S.D. Fla. 2013); *Cisneros v. Trans Union, LLC,* 293 F.Supp.1167 (D. Haw. 2003); *Carlson v. Trans Union LLC,* 259 F.Supp.2d 517, 519 (N.D. Tex.2003); *Riley v. GM Acceptance Corp.,* 226 F.Supp.2d 1316, 1319 (S.D. Ala.2002)).

Lastly, Plaintiff's claim for injunctive relief fails because (1) Plaintiff's FCCPA claims fail and (2) there is no evidence of any collection or litigation activity against Plaintiff that has continued to occur. In fact, there is no evidence that any collection or litigation activity continued after the state court lawsuits were dismissed.

The reality of all of this is that Plaintiff moved this court for a dismissal without prejudice in order to avoid judgment in favor of Defendant, including the award of substantial attorney's fees.  Defendant has incurred substantial attorney's fees that they will seek to tax against Plaintiff.  Defendant has prepared the claims to be resolved via summary judgment, or via trial, if necessary.  Defendant will be prejudiced by dismissal of Plaintiff's claims without prejudice only to be possibly reasserted later.  At the very least, if this Court is inclined to grant Plaintiff's motion, it should be conditioned upon the payment of attorney's fees incurred by Defendant, which Defendant is prepared to substantiate if this Court requires such at a later date.

WHEREFORE, Defendant respectfully requests this Court deny Plaintiff's motion to dismiss without prejudice, or at the very least, condition dismissal upon the payment to Defendant of its reasonable attorney's fees and costs, pursuant to this Court's authority and

Case No.: 13-14261-CIV-ROSENBERG/LYNCH

discretion pursuant to the Eleventh Circuit authorities cited above, as well as pursuant to 15 U.S.C. §§ 1681n, 1681o, 1692k, 28 U.S.C. §§ 1920, 1927, and Fla. Stat. §§ 559.77, and to award any other relief in favor of Defendants this Court deems just and appropriate.

*s/Barbara Fernandez*
David P. Hartnett
Florida Bar No. 946631
Barbara Fernandez
Florida Bar No. 493767
dhartnett@hinshawlaw.com
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Boulevard
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile:  305-577-1063
Attorneys for Defendant ZAKHEIM & LAVRAR, P.A.

10

Case No.: 13-14261-CIV-ROSENBERG/LYNCH

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing and a copy has been sent via U.S. Mail to the following:

Ronald Derby (pro se)
4505 Redwood Drive
Ft. Pierce, FL   34951
Tel:  772-464-0031
derbymar@aol.com

*s/Barbara Fernandez*
David P. Hartnett
Florida Bar No. 946631
Barbara Fernandez
Florida Bar No. 493767
dhartnett@hinshawlaw.com
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Boulevard
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile:  305-577-1063
Attorneys for Defendant ZAKHEIM & LAVRAR, P.A.

11